# EXHIBIT A

# Superior Court of California
## County of Orange



Case Number : 30-2019-01080325-CU-OE-CJC

Copy Request: 4205398

Request Type: Case Documents

Prepared for: cns

Number of documents: 1
Number of pages: 17

Anna Salusky Mahoney (SBN: 222484)
amahoney@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
MAHONEY LAW GROUP, APC
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.: (562) 590-5550
Facsimile No.: (562) 590-8400

Attorneys for Plaintiff ASHLEE SOUCEK

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/01/2019 at 04:41:40 PM
Clerk of the Superior Court
By Jessica Edwards, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

### CENTRAL JUSTICE CENTER

| | |
|---|---|
| ASHLEE SOUCEK,<br><br>    Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION; CHRISTOPHER NOBLE; MATTHEW SIVERTSON; and DOES 1 through 50, inclusive,<br><br>    Defendants. | 30-2019-01080325-CU-OE-CJC<br><br>**COMPLAINT FOR DAMAGES**<br>Judge Derek W. Hunt<br>1. Sex / Gender Discrimination;<br>2. Retaliation in Violation of Government Code §§ 12940 et seq.;<br>3. Wrongful Termination in Violation of Public Policy;<br>4. Harassment Based on Sex / Gender;<br>5. Failure to Prevent Discrimination, Harassment, and Retaliation;<br>6. Retaliation in Violation of Labor Code § 1102.5;<br>7. Intentional Infliction of Emotional Distress; and<br>8. Negligent Hiring, Supervision, and Retention.<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff ASHLEE SOUCEK, ("Plaintiff" or "Ms. Soucek") hereby respectfully alleges, avers and complains as follows:

## INTRODUCTION

1. Ms. Soucek brings these causes of action against her former employer Defendant MICROSOFT CORPORATION ("Defendant" or "Microsoft"), as well as, her former supervisor CHRISTOPHER NOBLE ("Mr. Noble"), and her former co-worker MATTHEW SIVERTSON ("Mr. Sivertson"), for damages arising out of Microsoft's violation of the Fair Employment and Housing Act ("FEHA"), the California Labor Code, and the California Government Code. Specifically, Ms. Soucek sues for (1) sex / gender discrimination, (2) retaliation in violation of FEHA, (3) wrongful termination in violation of public policy, (4) harassment based on sex / gender, (5) failure to prevent discrimination, harassment and retaliation, (6) Retaliation in Violation of Labor Code section 1102.5, (7) intentional infliction of emotional distress, and (8) negligent hiring, supervision, and retention.

## PARTIES

**The Plaintiff**

2. Ms. Soucek is, and at all times herein mentioned was, a resident of the County of Orange, State of California. Ms. Soucek was employed by Microsoft as an assistant manager of operations from on or around January 2011 through December 10, 2018 ("Relevant Employment Period").

**Defendants**

3. Ms. Soucek is informed and believes, and based thereon alleges, that Defendant Microsoft is a Washington corporation located at One Microsoft Way, Redmond, WA 98052. Microsoft is a multinational technology company that develops, produces, licenses, supports and sells computers, electronics, and computer software. Ms. Soucek on information and belief, and based thereon alleges, that Microsoft is conducting business in good standing in the state of California.

/ / /

/ / /

4. Defendant CHRISTOPHER NOBLE is an adult individual who is a resident of Orange County, California. Ms. Soucek is informed and believes, and based thereon alleges, that at least during the Relevant Employment Period, Mr. Noble was a manager for Microsoft, and therefore is liable as a person acting on behalf of an employer pursuant to Labor Code section 558.1.

5. Defendant MATTHEW SIVERTSON is an adult individual who is a resident of Orange County, California. Ms. Soucek is informed and believes, and based thereon alleges, that at least during the Relevant Employment Period, Mr. Sivertson was a product advisor for Microsoft, and therefore is liable as a person acting on behalf of an employer pursuant to California Labor Code section 558.1.

6. Plaintiff is not aware of the true names and/or capacities of those entities or individuals sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by their fictitious names. Plaintiff will seek leave of this Court to amend this complaint to insert their true names and/or capacities when the same are ascertained.

7. Unless otherwise specified herein, each DOE defendant was the agent and employee of each Defendant, and in doing the things hereinafter mentioned, were at all times acting within the course and scope of that agency and employment.

8. Whenever and wherever reference is made in this complaint to an act, error, omission or other conduct by a Defendant or co-Defendant, such allegations and references shall also be deemed to be the acts, errors or omissions of each Defendant acting individually, jointly severally or concurrently.

## JURISDICTION AND VENUE

9. This Court is an appropriate venue for this action under Code of Civil Procedure sections 395 and 395.5 because the acts that give rise to the causes of action alleged herein occurred in the County of Orange, State of California. Plaintiff hereby designates the County of Orange, State of California as the place of proper venue.

///

///

10. This Court has personal jurisdiction over Microsoft, Mr. Noble, and Mr. Sivertson because Mr. Noble and Mr. Sivertson reside in the County of Orange and Defendant is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California, and more specifically, in the County of Orange. (Code Civ. Proc. § 410.10)

11. This Court has subject matter jurisdiction over the causes of action alleged in this complaint because the Court is a court of general jurisdiction and is not otherwise excluded from exercising subject matter jurisdiction over said causes of action.

## ADMINISTRATIVE PREREQUISITE

12. At all times relevant, Defendant regularly employed five or more persons bringing Defendant within the provisions of Government Code section 12900 et seq., prohibiting employers or their agents from discriminating against or harassing its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity.

13. Plaintiff has exhausted her administrative remedies by timely filing a complaint for discrimination, retaliation, and wrongful termination with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued its Right-To-Sue Notice on May 9, 2019, authorizing this lawsuit, and Plaintiff timely filed this action within the prescribed period subsequent to issuance of the Right-To-Sue Notice. Therefore, Plaintiff has exhausted her administrative remedies and timely filed this action within the prescribed period subject to issues of the DFEH's Right-To-Sue Notice, attached herewith as "Exhibit A".

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

14. In or around January 2011, Ms. Soucek began her employment with Microsoft as the Assistant Manager of Operation. Ms. Soucek was an exemplary employee receiving promotions, positive reviews, and consistent raises.

///
///

15. During her employment, Ms. Soucek experienced disparate treatment as a woman and sexual harassment that rose to the level of impacting her physical health and mental wellbeing. Microsoft passed over Ms. Soucek for certain positions based on her gender. Microsoft's Market Manager, James Thornhill, advised her that rather than a promotion, Ms. Soucek should "have kids and wait for another opportunity." In addition, Microsoft stores harbored managers and advisors who made inappropriate sexually graphic comments directed at Ms. Soucek.

16. In or around January 2018, Ms. Soucek worked under the manager Chris Noble at Microsoft's Mission Viejo store. During this time, Ms. Soucek was going through a difficult divorce. While at work, Mr. Noble routinely asked Ms. Soucek personal questions about her divorce and began calling Ms. Soucek his "work wife." Mr. Noble also made inappropriate comments referencing male genitalia directed at and around Ms. Soucek with the Product Advisor, Matthew Sivertson, and other co-workers. Mr. Noble and Mr. Sivertson often made the comment "Ligma," which means "lick my balls."

17. In or around June 2018, during a Tuesday leadership meeting, Ms. Soucek requested Mr. Noble to stop asking probing questions about her personal life and stop making comments about male genitalia as these comments caused Ms. Soucek to become anxious and stressed. Despite her requests, the behavior continued.

18. On or about June 10, 2018, the stress that Ms. Soucek experienced at work caused her to be admitted to the emergency room because she was experiencing symptoms of numbness in her left side, facial distortion and profuse perspiration. At the hospital Ms. Soucek, her treaters monitored her for high blood pressure and potential stroke symptoms. Ms. Soucek returned to work two days later and advised Mr. Noble about her hospitalization and her high blood pressure. Nevertheless, Mr. Noble and Mr. Sivertson continued to harass Ms. Soucek. In addition to the aforementioned inappropriate comments, Mr. Noble sought to further torment Ms. Soucek by sounding off sirens in the store, despite knowing of her recent hospitalization. As a result, Ms. Soucek left work early in order to avoid experiencing the symptoms she experienced just two days prior.

19. On or around August 16, 2018, Ms. Soucek and Mr. Noble's co-workers brought Ms. Soucek and Mr. Noble a cake to celebrate their birthdays. The cake referenced the ongoing comments referencing male genitalia and said "Happy birthday Chris + Ashlee Ligma." The cake further insinuated that Ms. Soucek was Chris's "work wife." Ms. Soucek told Mr. Noble and Mr. Sivertson how uncomfortable the term "Ligma" made her feel, however they dismissed her concerns and found the cake humorous. As a result, Ms. Soucek became distressed and refused to eat the cake or participate in any other birthday activities.

20. On or around August 26, 2018, during a work event at Disneyland, Mr. Noble and Mr. Sivertson began yelling "Ligma" right next to Ms. Soucek. Ms. Soucek again explained to Mr. Noble and Mr. Sivertson that she found the term "Ligma" upsetting and disrespectful, especially around children at Disneyland. Mr. Sivertson and Mr. Noble apologized and promised not to yell "Ligma" around her again. However, both Mr. Sivertson's and Mr. Noble's conduct did not change.

21. Due to Mr. Noble and Mr. Sivertson's continued harassment, Ms. Soucek sought another position with Microsoft at a new location. Ms. Soucek ultimately found a viable position as a Market Performance Specialist at a new office. On or around September 14, 2018, Ms. Soucek's final day at the Mission Viejo store, Ms. Soucek received a signed football with the term "Ligma" prominently written and a card with Ms. Soucek's face distorted and the phrase "Blast off with LIGMA." Ms. Soucek was distraught and left the store in tears and extremely upset.

22. Ms. Soucek spoke with Mr. Sivertson and Mr. Noble the following week and expressed how distressed and mistreated she felt departing the Mission Viejo store. On or around September 15, 2018, Ms. Soucek called Microsoft Human Resources representative, Jen Martinsen, and informed her about Mr. Sivertson and Mr. Noble's harassment and offensive conduct. Ms. Martinsen advised Ms. Soucek to address any complaints about harassment directly with Mr. Noble and Mr. Sivertson. Ms. Soucek stated that she had multiple conversations with both Mr. Noble and Mr. Sivertson but their conduct did not change. On or around September 18, 2018, Ms. Soucek followed up with Ms. Martinsen via email informing Ms. Martinsen that she

did not want to involve human resources any further because she wanted to move on from the harassment. Ms. Martinsen ultimately pressured Ms. Soucek into opening a human resource inquiry on or around October 3, 2018.

23. Over the course of the following weeks, Microsoft investigated Mr. Sivertson and Mr. Noble's conduct. Ms. Soucek participated in the investigation via email and through speaking with Human Resources Manager Monica Rivera, and Microsoft's Employee Relations Investigation Team member, Rachel Winship. Ms. Winship's investigation consisted of a phone conversation with Ms. Soucek and an email to Ms. Soucek asking if she had ever used the term "ligma." Ms. Soucek advised Ms. Winship she never used the term and found the consistent use of the term unprofessional and inappropriate. As of October 31, 2018, Ms. Soucek believed the human resources inquiry had concluded.

24. In clear retaliatory fashion, on or around November 18, 2018, Ms. Winship advised Ms. Soucek that she was now the subject of a human resources investigation regarding a 1-second video of an alleged incident in March 2018. The video depicts Ms. Soucek in the back seat of a car with Mr. Sivertson away from Microsoft property and not during work hours. She is depicted checking on Mr. Sivertson who is lying across the backseat and unresponsive. Ms. Soucek explained to Ms. Winship that she was checking on the health of Mr. Sivertson because he was left unattended and found lying down unresponsive after consuming a substantial amount of alcohol.

25. In addition, Ms. Winship alleged for the first time that eleven months prior, Ms. Soucek engaged in harassment at the 2017 company holiday party without providing any evidence to support such an accusation. In December 2018, Ms. Soucek was informed she was being terminated for violating of Microsoft's Anti-Harassment/Discrimination Policy.

26. Microsoft's retaliatory conduct is clear. As a result of Ms. Soucek reporting harassment that she experienced, Microsoft subsequently investigated and terminated her for purely pretextual reasons.

///

///

- 7 -
COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**Sex/Gender Discrimination in Violation of Government Code Section 12940 et seq.**

**(Plaintiff against Defendant Microsoft and DOES 1-50, Inclusive)**

27. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

28. At all times herein mentioned FEHA, Government Code section 12940, et seq. was in full force and effect. This statute requires an employer to refrain from discriminating against any employee on the basis of her sex, including gender.

29. During Ms. Soucek's employment, Microsoft discriminated against Ms. Soucek on the basis of sex, including gender. Microsoft intentionally discriminated against Ms. Soucek in violation of the FEHA statutes.

30. Ms. Soucek was subjected to adverse employment actions based upon her sex / gender in the form being denied promotions, retaliation, demeaning and belittling comments, humiliation in front of male co-workers, dismissal of opinions because she is a woman, and retaliatory termination of her employment. These adverse employment acts were based on and substantially motivated in whole or in part by either or both, purposeful practices of sex / gender discrimination.

31. As a proximate result of Microsoft's willful, knowing and intentional acts, Ms. Soucek suffered and continues to suffer emotional distress and mental anguish, all to her damage in a sum according to proof.

32. As a proximate result of Microsoft's willful, knowing and intentional acts, Ms. Soucek sustained and continues to sustain substantial losses of earnings and other employment benefits.

33. Microsoft's conduct was intentional, malicious, oppressive, and therefore entitles Ms. Soucek to punitive damages.

34. As a result of Microsoft's discriminatory conduct, Ms. Soucek has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code sections 12940 and 12965 subdivision (b).

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Government Code Section 12940 et seq.

**(Plaintiff against Defendant Microsoft and DOES 1-50, Inclusive)**

35. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

36. At all times herein mentioned FEHA, Government Code section 12940, et seq. was in full force and effect. This statute makes it unlawful for an employer doing business in the State of California to retaliate against an employee based on disability.

37. By the facts alleged hereinabove, Ms. Soucek engaged in protected activity by being a woman.

38. Microsoft, through its actions and agents unlawfully retaliated against Ms. Soucek by terminating her employment on December 10, 2018 because of her sex / gender.

39. As a direct result of this unlawful retaliation, Ms. Soucek has sustained, and will continue to sustain for a period of time, compensatory damages including, but not limited to, loss of income and loss of future earning capacity, all to her damage in an amount according to proof.

40. As a further direct result of this unlawful retaliation, Ms. Soucek has sustained, and will continue to sustain for a period of time, emotional, and mental pain, suffering, and distress, all to her general damage in an amount according to proof.

41. Additionally, Ms. Soucek seeks reasonable fees and expenses under FEHA as well as punitive damages as a result of Microsoft's knowing and/or intentional conduct.

## THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

**(Plaintiff against Defendant Microsoft and DOES 1-50, Inclusive)**

42. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

43. At all times mentioned, the public policy of the State of California, as codified expressed and mandated in Government Code section 12940 prohibits employers from discriminating, harassing and retaliating against any individual on the basis of sex/gender and

reporting harassment. The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

44. By the facts alleged above, Ms. Soucek was wrongfully terminated as a result of her membership in a protected class, and her engagement in protected activity.

45. As a direct result of this wrongful termination in violation of public policy under FEHA, Ms. Soucek has sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, loss of income and loss of future earning capacity, all to her damage in an amount according to proof.

46. As a further direct result of this wrongful termination in violation of public policy under FEHA, Ms. Soucek has sustained, and will continue to sustain for a period of time, emotional, and mental pain, suffering, and distress, all to her general damage in an amount according to proof.

47. Additionally, Ms. Soucek seeks reasonable fees and expenses under FEHA, as well as punitive damages as a result of Microsoft's knowing and/or intentional conduct.

## FOURTH CAUSE OF ACTION

**Harassment Based on Gender/Sex in Violation of Government Code Section 12940 et seq.**

**(Plaintiff Against Defendant Microsoft, Defendant Noble, and Defendant Sivertson)**

48. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

49. At all times herein mentioned FEHA, Government Code section 12940, et seq. was in full force and effect. This statute makes it unlawful for an employer in the State of California to harass an employee based on their sex, including gender.

50. Government Code section 12940 subdivision (j)(3), further provides, "An *employee* of an entity subject to this subdivision is *personally liable* for any harassment prohibited by this section...."

51. By the facts alleged above, Defendant Microsoft, by and through the actions of Mr. Noble and Mr. Sivertson, subjected Ms. Soucek to harassment based on her sex, including gender.

52. Ms. Soucek is informed and believes that Mr. Noble and Mr. Sivertson knowingly and/or intentionally harassed Ms. Soucek due to her sex, including gender. The harassment of Ms. Soucek by Mr. Noble and Mr. Sivertson based on her sex created an oppressive, hostile, intimidating, and/or offensive work environment for Ms. Soucek and interfered with her emotional well-being and ability to perform her duties as an employee of Microsoft during her employment. The harassment based on her sex was sufficiently severe and pervasive as to materially alter Ms. Soucek's conditions of employment.

53. As a result of Mr. Noble and Mr. Sivertson's harassing conduct and Microsoft's failure to act, Ms. Soucek sustained, and will continue to sustain, compensatory damages including, but not limited to, loss of income and lost future earning capacity, all to her detriment in an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

54. As a further result of this harassing conduct, Ms. Soucek has suffered, and will continue to suffer, damages for emotional, and mental distress, and for pain and suffering, all to her detriment in an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

55. Ms. Soucek is entitled to her reasonable attorneys' fees and costs under FEHA.

## FIFTH CAUSE OF ACTION

**Failure to Prevent Discrimination, Harassment and Retaliation in Violation of Government Code Section 12940 et seq.**

**(Plaintiff Against Defendant Microsoft and DOES 1-50, Inclusive)**

56. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

57. At all times herein mentioned FEHA, Government Code section 12940, subdivision (k) was in full force and effect. This statute required Microsoft to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring in the workplace.

/ / /

58. Ms. Soucek claims that Microsoft failed to take all reasonable steps to prevent discrimination, harassment and retaliation. Only two (2) months after Ms. Soucek informed Microsoft that she was harassed based on her sex and or gender, Microsoft initiated an investigation into her and ultimately terminated her employment under a false pretext.

59. On information and belief, Microsoft failed to take all reasonable steps necessary to prevent the unlawful, discriminatory and retaliatory acts of its supervisors, agents and/or managers. Specifically, the conduct of Mr. Noble and Mr. Sivertson.

60. Microsoft's failure to take all reasonable steps to prevent the alleged discrimination, harassment and retaliation was a substantial factor in causing Ms. Soucek's harm.

61. As a direct and proximate result of the aforementioned discrimination, harassment and retaliation under FEHA, Ms. Soucek has sustained, and will continue to sustain for a period of time, compensatory damages, including but not limited to, a loss of income and lost future earning capacity, all to her damage in an amount according to proof.

62. As a further direct result of the aforementioned discrimination, harassment and retaliation under FEHA, Ms. Soucek has sustained, and will continue to sustain for a period of time, severe emotional and mental distress, pain and suffering, all to her damage in an amount according to proof.

63. Additionally, Ms. Soucek seeks reasonable attorneys' fees and expenses under FEHA, as well as, punitive damages as a result of Defendant's knowing and/or intentional conduct.

## SIXTH CAUSE OF ACTION

**Retaliation in Violation of California Labor Code Section 1102.5**

**(Plaintiff Against Defendant Microsoft, and DOES 1-50, Inclusive)**

64. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

65. At all relevant times, the California Constitution and California Labor Code Section 1102.5 ("whistleblower" statute) was in effect. The California Constitution, Article 1, section 1, guarantees plaintiff the right to oppose illegal activities and to speak out on matters of

public importance. This is a fundamental public policy under California law. In addition, California Labor Code section 1102.5 subdivision (b) prohibits retaliation against employees *who report to their employers* what they believe in good faith to be statutory violations.

66. As was within her legal rights, Plaintiff complained about the ongoing sexual harassment and unwanted inappropriate comments by Mr. Noble and Mr. Sivertson to Micrsoft and Ms. Winship. Nonetheless, Ms. Soucek was subjected to retaliation by her employer for complaining about Mr. Noble and Mr. Sivertson who were harassing her.

67. Defendant did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper motive amounting to a conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendant. Plaintiff is therefore entitled to recover all forms of general and special damages including punitive damages from Defendant, in amounts according to proof at trial.

68. Plaintiff is also entitled to recover attorney fees pursuant to Code of Civil Procedure section 1021.5 because Plaintiff's action will result in the enforcement of an important right affecting the public interest in discouraging employers from retaliating against employees for opposing illegal activities in the workplace.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Plaintiff Against all Defendants)

69. Ms. Soucek realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

70. "A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050–1051).

///

71. Ms. Soucek alleges that Microsoft, through the conduct of Mr. Noble and Mr. Sivertson, as described hereinabove, was intentional, malicious, despicable, extreme and outrageous, without substantial justification, unprivileged, and was of the type and variety known to create severe emotional and mental distress.

72. Microsoft, Mr. Noble, and Mr. Sivertson, knew that Ms. Soucek was subjected to harassment, disparate treatment, and reported the harassment she experienced. Despite said knowledge, Microsoft intentionally and maliciously terminated Ms. Soucek's employment.

73. As a result of Microsoft's, Mr. Noble's and Mr. Sivertson's extreme and outrageous conduct described herein, Ms. Soucek sustained severe emotional distress. Microsoft's, Mr. Noble's, and Mr. Sivertson's conduct was a substantial factor in causing Ms. Soucek's severe emotional distress.

74. As a further direct and proximate result of Microsoft's, Mr. Noble's and Mr. Sivertson's discrimination, harassment and retaliation, Ms. Soucek has sustained and will continue to sustain for a period of time, emotional, and mental pain and suffering, all to her general damage in an amount according to proof.

75. As a direct result of this intentional infliction of severe emotional and mental distress, Ms. Soucek has sustained, and will continue to sustain for a period of time, compensatory damages in an amount according to proof.

76. Microsoft ratified and approved Mr. Noble's and Mr. Sivertson's extreme and outrageous conduct as described herein. These acts and conduct, which were extreme, outrageous, intentional, malicious, and oppressive were designed to, and did, injure Ms. Soucek. Therefore, Ms. Soucek is entitled to an award of punitive damages from Microsoft, Mr. Noble, and Mr. Sivertson, in an amount according to proof.

### EIGHTH CAUSE OF ACTION

#### Negligent Hiring, Supervision, and Retention

#### (Plaintiff Against Defendant Microsoft and DOES 1-50, Inclusive)

77. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES

78. An employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. (*Doe v. Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038, 1054 (explaining, "the cornerstone of a negligent hiring theory is the risk that the employee will act in a certain way and the employee does act in that way"); (*Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, 836).) Liability is based upon the facts that (1) the employer knew or should have known that hiring the employee created a particular risk or hazard, and (2) that particular harm materializes. (*Doe, supra*, 50 Cal.App.4th at p. 1054.)

79. At all times relevant herein Defendant Microsoft had a duty to act as a reasonably prudent employer and adequately supervise its employees.

80. Defendant Microsoft breached its aforementioned duty when it failed to address any of the concerns expressed to it by Ms. Soucek regarding the unlawful, discriminatory, and retaliatory acts of Defendant Microsoft's employees, including but not limited to Ms. Winship and Mr. Noble, and known by Defendant Microsoft, by and through its agents and employees.

81. Defendant Microsoft's breach was the direct and proximate cause of Plaintiff's claims contained herein.

82. As a direct and proximate result of Defendant Microsoft's breach, Plaintiff suffered compensatory damages to which she is entitled to recover for in in an amount to be proven at trial.

83. As a further direct and proximate result of Defendant Microsoft's breach, Plaintiff has sustained, and will continue to sustain for a period of time, emotional and mental pain, suffering, and distress, all to her general damages in an amount according to proof. Additionally, Plaintiff seeks reasonable attorney's fees and expenses under FEHA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For compensatory damages in an amount according to proof;
2. For general damages in an amount according to proof;
3. For punitive damages in an amount according to proof;
4. Injunctive relief, enjoining Defendant from engaging in the unlawful and

unfair business practices complained herein;

5. For reasonable fees and expenses;

6. For costs of the suit herein incurred; and

7. For such other and further relief as this Court may deem just and proper.

Dated: July 1, 2019

MAHONEY LAW GROUP, APC

By: _____
Anna Salusky Mahoney, Esq.
John A. Young, Esq.
Attorneys for Plaintiff ASHLEE SOUCEK

## DEMAND FOR JURY TRIAL

Plaintiff ASHLEE SOUCEK hereby demands a jury trial on all issues so triable.

Dated: July 1, 2019

MAHONEY LAW GROUP, APC

By: _____
Anna Salusky Mahoney, Esq.
John A. Young, Esq.
Attorneys for Plaintiff ASHLEE SOUCEK